IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LAURA COMBS, *et al.*,

    Plaintiffs,

v.

ITT TECH. INST.,

    Defendant.

Case No. 3:15-cv-15

JUDGE WALTER H. RICE

---

DECISION AND ENTRY SUSTAINING PLAINTIFFS LAURA COMBS AND YONNIE TRAVIS'S RULE 41(a)(2) MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE (DOC. #24), SUBJECT TO CONDITIONS: PLAINTIFFS MUST OBTAIN LEAVE OF COURT PRIOR TO FILING NEW COMPLAINT IN THIS COURT BASED ON SAME SET OF OPERATIVE FACTS; ANY SUCH COMPLAINT FILED IN THIS COURT OR FILED IN STATE COURT AND REMOVED TO THIS COURT SHALL BE DEEMED "RELATED" TO THE CAPTIONED CASE; PLAINTIFFS MUST DEMONSTRATE GOOD CAUSE PRIOR TO CONDUCTING ADDITIONAL DISCOVERY; AND PLAINTIFFS MUST REIMBURSE DEFENDANT ITT TECHNICAL INSTITUTE FOR ANY COSTS AND ATTORNEY FEES INCURRED IN DUPLICATIVE PROCEEDINGS; TERMINATION ENTRY

---

Plaintiffs, Laura Combs ("Combs") and Yonnie Travis ("Travis") (collectively "Plaintiffs"), have filed a Rule 41(a)(2) Motion for Voluntary Dismissal without Prejudice ("Motion") of their Complaint against Defendant, ITT Technical Institute ("ITT"). Doc. #24. For the reasons set forth below, the motion is SUSTAINED, subject to conditions set forth more fully below.

I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On November 8, 2014, Plaintiffs filed a complaint in the Montgomery County, Ohio, Court of Common Pleas ("state court") against ITT, Erica Bisch ("Bisch"), ITT's regional manager for a geographic area including Dayton, Ohio, and Randy Schiefer ("Schiefer"), director of ITT's Dayton, Ohio campus. Doc. #1-1, ¶¶ 3-5, PAGEID #6-7. Plaintiffs, former employees of ITT who worked at its Dayton, Ohio campus, *id.*, ¶¶ 17, 19, PAGEID #8, asserted numerous federal and state law claims against ITT, Bisch and Schiefer (collectively "Defendants"). *Id.*, ¶¶ 53-299, PAGEID #12-31. Defendants timely removed the case to this Court on January 14, 2015. Doc. #1. The parties engaged in discovery pursuant to this Court's preliminary pretrial order, Doc. #10, which was modified on several occasions. In early May, 2016, shortly before the close of discovery, Defendants produced a hard drive and additional documents to Plaintiff. Doc. #29, PAGEID #1390. On May 18, 2016, Magistrate Judge Michael J. Newman entered an ordered stating that "[t]he discovery phase of this case has ended." Doc. #16, PAGEID #190.

On May 26, 2016, Defendants filed motions for extension of time, until June 10, 2016, to file a motion for summary judgment, and for leave to exceed the page limit set forth in S.D. Ohio Civ. R. 7.2(a)(3) in their supporting memorandum. Doc. #17, 18. This Court sustained both motions in notation orders on June 1, 2016. Some time shortly before June 7, 2016, pursuant to S.D. Ohio Civ. R. 7.3, counsel for Plaintiffs contacted counsel for Defendants, and claimed that, due to her husband's degenerative medical condition, Travis was unable, at present, to prosecute her claims. Doc. #24, PAGEID #1365. Counsel for Plaintiffs asked that Defendants stipulate to a voluntary dismissal

without prejudice. Defendants offered to stay the case for thirty days, but refused to stipulate to such a dismissal. *Id*. On June 7, 2016, Defendants filed four depositions, and their accompanying exhibits, in support of their impending motion for summary judgment. Docs. #19-23. That same day, Plaintiff filed the present Motion. Doc. #24. On June 16, 2016, Plaintiffs voluntarily dismissed with prejudice their claims against Bisch and Schiefer, leaving ITT as the sole remaining Defendant. Doc. #26.

## II. LEGAL STANDARD

If an opposing party has filed a responsive pleading, and will not stipulate to a dismissal without prejudice, then "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

> The primary purpose of the rule in interposing the requirement of court approval is to protect the nonmovant from unfair treatment. Generally, an abuse of discretion is found only where the defendant would suffer "plain legal prejudice" as a result of a dismissal without prejudice, as opposed to the mere prospect of facing a second lawsuit.

*Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citations omitted).

> [I]n determining whether a defendant will suffer plain legal prejudice, a court should consider such factors as [(1)] the defendant's effort and expense of preparation for trial, [(2)] excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [(3)] insufficient explanation for the need to take a dismissal, and [(4)] whether a motion for summary judgment has been filed by the defendant.

*Id*. However, "[t]here is no requirement that each of the *Grover* factors be resolved in favor of the moving party before dismissal is appropriate. The factors are 'simply a guide for the trial judge, in whom the ultimate discretion ultimately rests.'" *Rosenthal v. Bridgestone/Firestone, Inc.*, Nos. 05-4451, 05-4452, 217 F. App'x 498, 502 (6th Cir. 2007) (citing *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 474 (7th Cir. 1988)).

3

### III. EVALUATION OF *GROVER* FACTORS

#### A. ITT's Effort and Expense in Preparing for Trial

In its memorandum *contra*, ITT argues that "[t]his is not a case where dismissal is sought early in, or even in the midst of, discovery. Defendant has expended much time and many resources in the pleading and discovery phases of this case." Doc. #28, PAGEID #1382. ITT claims that their discovery and trial preparation efforts, including out-of-state depositions, "weigh in favor of denying Plaintiffs' Motion." *Id.*, PAGEID #1382-83 (citing *Leon v. City of Columbus*, No. 2:09-cv-329, 2012 WL 639506 (S.D. Ohio Feb. 28, 2012) (Smith, J.)). However, *Leon* is distinguishable, as the case had been pending for almost three years at the time the plaintiff sought voluntary dismissal, and a motion for summary judgment had been pending for more than sixteen months. 2012 WL 639506, at *2. This case, meanwhile, has been pending for less than two years, and Defendant's motion for summary judgment is not yet before the Court. Moreover, as Plaintiffs note, all discovery which the parties have conducted may be used in the event the case is refiled, Doc. #24, PAGEID #1364, and ITT will be able to file its planned motion for summary judgment if Plaintiffs do refile. Thus, the time and money expended by ITT do not weigh against sustaining Plaintiffs' Motion.

However, Plaintiffs seek to "revisit the discovery issues pertaining to experts and to perform a small number of new depositions." Doc. #24, PAGEID #1364 n.1. The Court is mindful that the discovery period has ended, and ITT has prepared a motion for summary judgment. Thus, any additional discovery would only be permitted upon a showing of good cause that such discovery is necessary; a statement that additional discovery "will be limited to only issues pertinent to developing this case," *id.*, will not suffice.

4

### B. Diligence in Prosecution

Other than a disagreement as to when Plaintiffs took steps to compel disclosure of the hard drive discussed above, Doc. #28, PAGEID #1385; Doc. #29, PAGEID #1394, there appears to be no dispute as to whether that Plaintiffs have been diligent in prosecuting their claims. Moreover, Plaintiffs and their counsel have represented to the Court, under penalties of perjury or Rule 11 sanctions, respectively, that they sought to dismiss the case shortly after Travis made her attorney aware of her family situation. Doc. #24, PAGEID #1365-67. Thus, the second factor weighs in favor of sustaining the Motion.

### C. Sufficiency of Reason for Dismissal

Plaintiffs cite two reasons as to why they are seeking dismissal. First, Travis, due to her husband's degenerative spine disease, has been forced "to take on extra shifts at work and to obtain another job to support her husband and two teenage children." Doc. #24, PAGEID #1362. While Travis expects her husband to receive disability payments by November, 2016, she is unable to participate in evaluating the documents contained on the hard drive or in preparing for trial prior to that time. *Id.*; Doc. #29, PAGEID #1392, 1394. Second, Combs desires to remain joined as a plaintiff with Travis, rather than continuing her case separately. Doc. #24, PAGEID #1365. In its memorandum *contra*, ITT argues that Plaintiffs have "fail[ed] to explain how Ms. Combs' desire to remain together with Ms. Travis supports a voluntary dismissal of her claims without prejudice." Doc. #28, PAGEID #1384. Further, ITT notes that their offer to stay proceedings for thirty days was rebuffed in favor of the present Motion. *Id.*

5

Defendants' offer to stay proceedings appears to be insufficient, as Plaintiffs represent that, because Travis's husband is unlikely to receive disability payments until November, 2016, Travis will be unable to participate in trial preparation prior to that time. Doc. #24, PAGEID #1362. Moreover, although ITT may be correct that Plaintiffs' counsel will undertake much of the work of responding to its motion for summary judgment and preparing for trial, Doc. #28, PAGEID #1384, Plaintiffs have the right to participate fully in trial preparation. Thus, Combs's desire to assist her counsel in trial preparation, at a time where she is not overburdened by familial obligations, weighs in favor of sustaining the Motion. Also, allowing Combs and Travis to prosecute their claims together, if the present complaint is refiled, will preserve the resources of the parties and the Court, as there would not be two separate actions arising out of the same core of operative facts. Thus, Combs wishing to remain joined with Travis weighs in favor of sustaining the Motion.

### D. Filing of Dispositive Motion

Plaintiff's statement that "there are no pending dispositive motions currently filed by any of the defendants," Doc. #24, PAGEID #1365, is disingenuous. Plaintiff was aware from Defendants' previous motions, Doc. #17-18, that a motion for summary judgment would be filed no later than June 10, 2016, three days after Plaintiffs filed this Motion. The deposition transcripts and exhibits, upon which Defendants intended to rely on for their motion, Doc. #19-23, were filed mere hours before the present Motion. Thus, the fourth factor weighs against sustaining the motion, and ITT's request that any new complaint based on the same operative facts be deemed a "related case" and "pick up where the instant case left off – with the filing and consideration of [ITT's] motion for

summary judgment," Doc. #28, PAGEID #1386, are appropriate means of ensuring that ITT does not suffer "plain legal prejudice" in the event that Plaintiffs' claims are renewed. *Grover*, 33 F.3d at 718. Accordingly, if Plaintiffs, when filing a new complaint, are unable to show good cause as to why additional discovery is necessary, then ITT may file its motion for summary judgment immediately.

## IV. CONCLUSION

As three of the four *Grover* factors weigh in Plaintiffs' favor, their Rule 41(a)(2) Motion for Voluntary Dismissal without Prejudice, Doc. #24, is SUSTAINED, subject to the following conditions:

1. If Plaintiffs wish to file a new complaint in this Court based on the same set of operative facts, then they must obtain leave of Court prior to doing so;

2. Any new complaint arising out the same set of operative facts that is filed in this Court, or is filed in state court and subsequently removed to this Court, shall be deemed "related" to the captioned case;

3. Plaintiffs must obtain leave of Court prior to conducting any additional discovery, and must demonstrate good cause as to why the Court should allow that discovery; and

4. If ITT is forced to undertake any duplicative actions as a result of the refiled case, then Plaintiffs shall reimburse ITT for all costs and attorney fees incurred as a result of such actions.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: July 21, 2016

*[signature]*

WALTER H. RICE
UNITED STATES DISTRICT JUDGE